Cueia, PER O’Neall, J.
Tbe record in tbis case states tbat tbe plaintiff’s intestate, was tbe owner of tbe note at bis death; tbat tbe plaintiff administered in Georgia and thereby became tbe bearer of tbe note.
It is plain that bis administration in Georgia can give him no rights here. Connover & Co. vs. Chapman, 2 Bail. 436.
It is clear, too, tbat no one can be tbe bearer of a note Avbicb tbe payee or bis legal representative has not transferred by delivery.
Tbe plaintiff’s whole right rests upon bis possession as administrator in Georgia. Tbat no doubt gave him a legal right to recover there as administrator and perhaps there to transfer it. But when be comes into South Carolina, be is here without legal authority to collect tbe assets of tbe deceased. He, in tbe language of the defendant’s plea, has never been tbe administrator: and hence cannot maintain tbe action.
Tbe case of Richardson vs. Gower, decided here at last November sittings, is a decisive authority against tbe plaintiff.
Tbe motion is dismissed.
WhitNER, Glover, & Munro, JJ., concurred.

Motion dismissed